IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NASIR EL, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS COOK, *ET AL.*, <br><br> Defendants. | C.A. No. 17-662-GMS |

## **MEMORANDUM**

### I. INTRODUCTION

On June 1, 2017, Plaintiff, Nasir El ("Plaintiff") initiated this action against Delaware River Bay Authority ("DRBA") employees Thomas Cook, Michelle Hammel, Richard Arroyo, and Derrick Capiak (collectively, "Defendants") alleging violations of the United States Constitution and a United States Treaty with Morocco. (D.I. 1.) Presently before the court is Defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (D.I. 8.) The court will grant Defendants' Motion in part and deny it in part.

### II. BACKGROUND

On May 6, 2017, Plaintiff was subject to a traffic stop near the Delaware Memorial Bridge conducted by Defendant, DRBA Patrolman Capiak, after an internal database search of the vehicle's license plate revealed that the registered owner of the vehicle had a suspended driver's license. (D.I. 1 at 3.) During the stop, Capiak requested that Plaintiff provide him with a driver's license, vehicle registration, and proof of insurance. *Id.* After being informed of the reason for the traffic stop, and being requested to step out of the vehicle, Plaintiff requested Capiak's supervisor

be called to the scene. *Id.* Upon the supervisor's arrival, an unspecified person handcuffed and searched Plaintiff prior to placing him in Capiak's vehicle. *Id.* Because Plaintiff did not provide a valid driver's license or registration and proof of insurance as required by Delaware law, Nick's Auto Repair towed Plaintiff's vehicle. *Id.* About an hour later, Plaintiff was driven and released at an unidentified McDonald's parking lot. *Id.* Although not entirely clear, Plaintiff appears to assert that he is immune from the laws of the United States and the State of Delaware because he is a Moorish American National and, therefore, his vehicle and property should be released to him. (D.I. 1.)

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). A Plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement of plausibility is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Rule 12(b)(1) allows for dismissal where the court lacks subject matter jurisdiction over an

2

action. Motions brought under Rule 12(b)(1) may raise either a facial or factual challenge to the court's jurisdiction. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). However, the party asserting subject matter jurisdiction bears "the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

## IV. DISCUSSION

Defendants argue that Plaintiff's action "for declaratory relief and to secure due process of law, equal protection and other [constitutional] rights, privileges and immunities" arising from the towing and storage of Plaintiff's vehicle following a motor vehicle stop should be dismissed for failure to state a claim, pursuant to Rules 12(b)(6) and 12(b)(1).[1] The court agrees in part.

### A. Claim Against Defendants Cook, Michelle Hammel, and Richard Arroyo

In its Motion, Defendants argue that the court should dismiss Plaintiff's claim because it fails to allege *any* facts concerning *any* conduct taken by Defendants Cook, Hammel, and Arroyo. (D.I. 8 at 5.) *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (to survive a motion to dismiss under Rule 12(b)(6), "some factual allegation" must be pleaded). At best, according to Defendants, Plaintiff has a cause of action under 42 U.S.C. § 1983.

---

[1] In thier motion, Defendants argue that the court should dismiss this claim because there is no subject matter jurisdiction. In his opposition to the motion to dismiss, Plaintiff states that there is diversity of citizenship because he is a Moor/Moorish American and Defendants are of the United States. (D.I. 10 at 1-2.) Plaintiff neither identifies his, nor the Defendants' state of citizenship. Notably, courts have rejected assertions of Moorish citizenship as a means to establish diverse citizenship. *U.S. Bank National Association v. Tillman*, 2017 WL 6542746 (Dec. 20, 2017); *Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013) (unpublished) (plaintiffs' claiming status as "Moorish Nationals and people of Washitaw Indian descent" did not adequately plead diversity jurisdiction as there were no facts establishing they were citizens of a different nation or resided in a state other than Florida); *Sanders–Bey v. United States*, 267 F. App'x 464, 466 (7th Cir. 2008) (unpublished) ("Washitaw Nation of Muurs" is not recognized by United States government, and alleged membership in group is not sufficient to establish diversity jurisdiction). The Plaintiff has not established the state of citizenship of any Defendants. Nor is the Plaintiff's allegation that he is a Moor/Moorish American sufficient to establish that he is a citizen of a foreign state.

3

To state a claim under Section 1983, Plaintiff must show "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). The court agrees with Defendants. Plaintiff does not plead *any* conduct relating to Defendants Tom Cook, Michelle Hammel, and Richard Arroyo in his Complaint and, therefore, the claim against these Defendants is frivolous and devoid of any merit. (D.I. 1 at 4.) Because there are no facts to support *any* claim against Cook, Hammel, and Arroyo, the court will grant Defendants' motion as to these Defendants.

### B. Claim Against Defendant Capiak

In its motion, Defendants argue the court should dismiss Plaintiff's claim against Defendant Capiak because Plaintiff is not immune from the laws of Delaware. (D.I. 8.) The purported deprivation pleaded by Plaintiff is that it was improper to tow his vehicle despite Plaintiff's failure to produce a valid driver's license, vehicle registration, and proof of insurance. (D.I. 1 at 3.) The bases for the allegation that Capiak's conduct violated any right is that Plaintiff is a Moorish-American and the reliance on a several hundred year old U.S. Treaty with the Kingdom of Morroco, both of which have been rejected as foundations for constitutional violations by federal courts in the the Third Circuit. *OC Sorrells v. Philadelphia Police Dept.*, 652 Fed. Appx. 81, 83 (3d Cir. 2016) (dismissing complaint as "indisputably meritless," where plaintiff alleged that seizure of his vehicle for failing to abide by state license plate law was illegal "because of his purported status as a 'Moorish American National'"); *El Ameen Bey v. Stumpf*, 825 F.Supp.2d 537, 545 (D.N.J. 2011). Plaintiff seems to allege that the laws of the State of Delaware do not apply to him and, thus, it was improper to tow his vehicle. This argument, however, has no merit under the court's precedent: "[r]egardless of nationality or religion, [plaintiff] is subject to the laws of the

4

jurisdiction in which he resides." *Brown El-Bey v. Pierce*, Civ. Act. No. 16-401-GMS, 2016 U.S. Dist. LEXIS 95769 at *1-2 (D. Del. July 22, 2016).

The court, however, recognizes that under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave when justice so requires" to amend. *El v. Wehling, 548 F. App'x*, 750, 753 (3d Cir. 2013). "When considering *pro se* complaints, courts should not deny leave to amend 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Id.* (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991); *see also Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir.1987) (noting that "a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment.")). Liberally construing Plaintiff's Complaint and given his *pro se* status, the court will grant Plaintiff leave to amend, if he wishes, the Complaint (D.I. 1) as to Defendant Capiak.

## I.  CONCLUSION

For the foregoing reasons the court will grant Defendants' motion to dismiss as to Defendants Cook, Hammel, and Arroyo and deny the motion as to Defendant Capiak. (D.I. 7.)

Dated: January 22, 2018

UNITED STATES DISTRICT COURT

5